Appellant Paul Handley is an inmate of the protective custody unit of the West Jefferson Correctional Facility. He alleges that the inmates who are in the protective custody unit (P/C) enjoy substantially fewer privileges than the inmates in the general population enjoy. They have fewer TV privileges, fewer daily gym privileges, less access to sports equipment and recreation, and reduced telephone privileges, and they are "locked-down" each day much sooner.
Handley contends that he has acquired a "liberty interest" in these privileges by virtue of Administrative Regulation 435. He here petitions for habeas corpus, contending that these privileges cannot be taken away without a due process hearing.
The state moved to dismiss the petition, and the court granted that motion and dismissed the habeas corpus petition without a hearing.
Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963,41 L.Ed.2d 935 (1974), says that the procedures outlined therein are triggered either by the loss of goodtime credits or by major
changes in the conditions of confinement, such as the imposition of disciplinary segregation. Handley contends that the additional restrictions amount to additional punishment for which no penological explanation is offered and that they are offensive to due process and equal protection. He cites the cases of Palmigiano v. Garrahy, 443 F. Supp. 956, 982 (D.R.I. 1977), and Nadeau v. Helgemoe, 423 F. Supp. 1250, 1260-1274
(D.N.H. 1976), vacated in part, 561 F.2d 411 (1st Cir. 1977). He also cites Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532,2539, 49 L.Ed.2d 451 (1976), for the proposition that "when the administration fails to show some rational relationship to a legitimate state purpose for their actions it is unconstitutional."
We have consistently held, however, that these internal procedures in prison are a matter of custody classification.Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675
(1983), is authority for the proposition that custody classifications in prison do not amount to matters in which the inmate has a constitutional right. In Summerford v. State,466 So.2d 182 (Ala.Cr.App. 1985), we held that the deprivation of these various privileges did not constitute deprivation of a liberty interest protected under the due process clause. A convicted felon in prison does not have a liberty interest in recreational and entertainment opportunities.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.