In accordance with the holding in Ex parte Boykins, [Ms. 1011152, December 20, 2002] 862 So.2d 587 (Ala. 2002), the judgment of the circuit court is reversed and this cause is remanded to the Circuit Court of Bullock County. *Page 595 
We note, however, that because the Supreme Court determined that Boykins's petition challenging the denial by the Department of Corrections ("DOC") of his request to earn incentive good time was improperly treated as a petition for a writ of habeas corpus, rather than as a petition for a writ of certiorari, the Bullock Circuit Court no longer has jurisdiction to determine the merits of Boykins's petition. A petition for writ of habeas corpus is properly filed in the circuit court nearest to where the petitioner is incarcerated. See § 15-21-7, Ala. Code 1975. However, a petition for writ of certiorari against an administrative agency, in this instance, DOC, should be filed in "the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters." § 41-22-20(b), Ala. Code 1975. See also § 6-3-9, Ala. Code 1975. Because DOC maintains its headquarters in Montgomery County, Boykins's petition should have been filed in Montgomery County. See Pinkard v. State, [Ms. CR-01-1905, March 21, 2003] 859 So.2d 449 (Ala.Crim.App. 2003); Cox v. State, 628 So.2d 1075
(Ala.Crim.App. 1993). Accordingly, on remand the Bullock Circuit Court should transfer Boykins's petition to Montgomery Circuit Court so that that court may properly determine the merits of Boykins's certiorari petition. Finally, we note that should an appeal be taken from the Montgomery Circuit Court's judgment, the appeal should be filed with the Court of Civil Appeals, because Boykins's case would be an appeal from an administrative agency, see § 12-3-10, Ala. Code 1975, rather than an appeal from a postconviction writ in a criminal case.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., concurs in the result, with opinion, which COBB, J., joins.