The appellant, Merlin Collins, filed a petition for a writ of certiorari, arguing that the Alabama Department of Corrections ("DOC") had improperly classified him as a heinous offender. DOC responded, and the circuit court denied the petition, but ordered DOC to remove the designation of heinous from the appellant's *Page 740 
classification. After DOC filed a motion for clarification, the circuit court struck its previous order and denied the petition in its entirety. This appeal followed.
The appellant argues that the circuit court improperly struck its order in which it had granted the relief he had requested. However, before we can reach his argument, we must determine whether this court has jurisdiction to hear this appeal. For the reasons set forth herein, we conclude that the Alabama Court of Civil Appeals, rather than this court, has jurisdiction to hear this appeal.
The appellant alleges that he was previously in minimum custody classification; that, based on information included in a presentence investigation about the offense for which he was convicted, DOC subsequently classified him as a heinous offender; and that, because of that classification, he will not ever be eligible for placement in an honor camp or a work release program. However, inmates do not have a liberty interest in a particular custody or security classification. See Handley v.State, 549 So.2d 630, 631 (Ala.Crim.App. 1989) (citing Hewittv. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983));Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9,50 L.Ed.2d 236 (1976). "`[T]he classification scheme adopted by the Alabama prison system to determine the custody status of prisoners "is not arbitrary and capricious, but reasonable and appropriate."'" Hill v. State, 594 So.2d 246, 248
(Ala.Crim.App. 1992) (quoting Monroe v. Thigpen, 932 F.2d 1437,1441 (11th Cir. 1991) (quoting in turn Hendking v. Smith,781 F.2d 850, 852 (11th Cir. 1986)), which holds that a prison regulation denying sex offenders minimum security status does not violate the Equal Protection Clause). "[C]ustody classifications in prison do not amount to matters in which the inmate has a constitutional right." Handley, 549 So.2d at 631. Therefore, the appellant has not shown that a liberty interest has been implicated in this case.[1]
In Ex parte Boykins, 862 So.2d 587 (Ala. 2002), Boykins filed a petition for a writ of certiorari in which he asserted that DOC had improperly denied his request to receive incentive good time ("IGT"). The circuit court treated his petition as a petition for a writ of habeas corpus and dismissed it, and he appealed to this court. After we affirmed the circuit court's judgment, the Alabama Supreme Court granted his petition for a writ of certiorari
 "to address the question whether the Court of Criminal Appeals properly affirmed the trial court's order of dismissal where the basis of the dismissal was the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus."
Ex parte Boykins, 862 So.2d at 588. Because the opinion in Exparte Boykins represented a departure from established procedures, we quote from it extensively.
In Ex parte Boykins, when reversing this court's judgment, the Alabama Supreme Court stated:
 "The record reveals that in March 1973 Boykins was convicted of first-degree murder and was sentenced to 60 years' imprisonment. In September 1974, while working on a `road camp,' Boykins escaped. He remained a fugitive from 1974 until April 1995, when he was returned to the custody of the DOC. While on escape, Boykins pleaded guilty to another murder in Illinois. Subsequent *Page 741 
to his return to the custody of the DOC, Boykins requested eligibility to earn IGT. His requests were denied by the DOC because of its determination that Boykins failed to meet the criteria for receipt of IGT.
". . . .
 "Boykins asserts that the conclusion by the Court of Criminal Appeals that the circuit court correctly treated his petition for a writ of certiorari as a petition for habeas corpus was incorrect. The basis for that conclusion was the Court of Criminal Appeals' recognition that a petition for habeas corpus is the proper means for testing whether the State has correctly calculated the duration of an inmate's incarceration. Breach v. State, 687 So.2d 1257 (Ala.Crim.App. 1996); Swicegood v. State, 646 So.2d 158 (Ala.Crim.App. 1993). However, Boykins argues that his petition does not question whether the State correctly calculated his sentence; instead, he argues that his petition sought to review an administrative determination by the DOC as to whether he was entitled to earn IGT. Boykins argues that because his petition sought review of an administrative decision rather than the vindication of a `liberty interest,' the Court of Criminal Appeals erred in determining that his petition was properly dismissed as a petition for a writ of habeas corpus.
". . . .
 "The courts of this State have long recognized that the only purpose of the writ of habeas corpus is to afford relief against actual restraints upon liberty. State v. Speake, 187 Ala. 426, 427, 65 So. 840, 841
(1914) (`The writ of habeas corpus has been defined, or rather described, as "that legal process which is employed for the summary vindication of the right of personal liberty when illegally restrained."'); Powell v. State, 726 So.2d 735, 737 (Ala.Crim.App. 1997) (`The sole function of habeas corpus relief is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose.'); Stinson v. State, 43 Ala.App. 257, 258, 188 So.2d 287, 288 (1966) (`The writ of habeas corpus is concerned solely with the lawfulness of the present holding of the petitioner.' (citing Adams v. State, 30 Ala.App. 487, 8 So.2d 219 (1942))); Williams v. State, 42 Ala.App. 140, 140, 155 So.2d 322, 323 (1963) (`"It should always be borne in mind that the applicant for the writ of habeas corpus is not entitled to the writ unless he is actually restrained of his liberty. . . . Mere moral restraint (such as a military arrest, confinement to quarters, or parole, for example), as distinguished from actual confinement, is generally insufficient to warrant issuance of the writ."' (quoting Walter B. Jones, Habeas Corpus, State and Federal, Ala. Law., Oct. 1952, at 384)).
 "In this case, Boykins is not challenging the duration of his sentence. Neither is he asserting that he is unlawfully imprisoned because he has completed all of the time he was sentenced to serve. The facts in this case do not raise the question whether a sentence has been correctly calculated, as did Breach and Swicegood, supra, and those cases, relied upon by the Court of Criminal Appeals, are not applicable to this case. Rather, in this case, Boykins is challenging the propriety of the DOC's ruling on his request for IGT. We agree with the determination of the Court of Criminal Appeals, relying on Ala. Code 1975, § 14-9-41, Coslett v. State, 697 So.2d 61 (Ala.Crim.App. 1997), Parker v. State, 648 So.2d 653 (Ala.Crim.App. 1994), and Gullett v. State, 613 So.2d 400 (Ala.Crim.App. 1992), that Boykins does not have a liberty interest in the DOC's ruling on *Page 742 
his request to qualify for IGT. Boykins is not asserting that the DOC deprived him of IGT he had previously earned, as to which he would have a liberty interest. Just as a writ of habeas corpus has no application to a sentence a prisoner has not begun to serve, Heflin [v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959)], neither does the writ have application to IGT Boykins has not begun to earn. Because Boykins does not have liberty interest in the DOC's ruling on his application for IGT, the Court of Criminal Appeals erred in concluding that the circuit court correctly treated his petition for a writ of certiorari as a petition for a writ of habeas corpus.
". . . .
 ". . . In this case, Boykins's petition was correctly labeled as a petition for a writ of certiorari, but incorrectly reviewed as a petition for a writ of habeas corpus. It cannot be reviewed as a petition for a writ of habeas corpus because it does not seek relief from a restraint on any liberty Boykins has at present.
 "Moreover, we note that the DOC, as stated in Ala. Code 1975, § 14-1-1.2, is an `administrative department responsible for administering and exercising direct and effective control over penal and corrections institutions throughout this state.' (Emphasis added.) Ala. Code 1975, § 41-22-3(1), defines `agency' as `[e]very board, bureau, commission, department, officer, or other administrative office or unit of the state.' (Emphasis added.) Accordingly, the DOC is an administrative agency that is within the scope of the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq. (`the Act'). The appropriate remedy to review the actions of administrative agencies is an appeal made in accordance with § 41-22-20(a) of the Act. However, pursuant to § 41-22-3(9)(g)(1), as noted in Cox [v. State, 628 So.2d 1075
(Ala.Crim.App. 1993)], Boykins has no right to avail himself of such judicial review.
". . . .
 "Here, Boykins, an inmate in a public institution, has sought review of the action of an administrative department, i.e., the DOC, regarding its denial of his request to receive IGT. . . . Boykins does not enjoy the statutory right of judicial review provided by § 41-22-20(a), a part of the Act, because he is excluded under § 41-22-3(9)(g)(1).
 "`Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of certiorari.' State Personnel Bd. v. State Dep't of Mental Health Retardation, 694 So.2d 1367, 1371 (Ala.Civ.App. 1997), citing Ellard v. State, 474 So.2d 743
(Ala.Crim.App. 1984), affirmed, 474 So.2d 758 (Ala. 1985). See also Alabama Dep't of Mental Health Mental Retardation v. Kirby, 579 So.2d 675
(Ala.Civ.App. 1991). `Certiorari will not issue, however, if a right of appeal is available.' State Personnel Board, 694 So.2d at 1371. `[W]here an applicable statute provides no right of appeal and no statutory certiorari review, the only means of review is the common law writ of certiorari.' Hardy v. Birmingham Bd. of Educ., 634 So.2d 574, 576
(Ala.Civ.App. 1994). Hence, Boykins's only means to seek review of the actions of the DOC is by a petition for a writ of certiorari. Consequently, the Court of Criminal Appeals erred in affirming the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus and its denial of that petition." *Page 743 862 So.2d at 588-94 (footnote omitted). Because a liberty interest has not been implicated in this case, we conclude, based on Ex parte Boykins, that the appellant properly labeled, and the circuit court properly treated, his petition as a petition for a writ of certiorari.
On remand from the Alabama Supreme Court's decision in Exparte Boykins, this court stated:
 "[S]hould an appeal be taken from the Montgomery Circuit Court's judgment, the appeal should be filed with the Court of Civil Appeals, because Boykins's case would be an appeal from an administrative agency, see § 12-3-10, Ala. Code 1975, rather than an appeal from a postconviction writ in a criminal case."
Boykins v. State, 862 So.2d 594, 595 (Ala.Crim.App. 2003).
Finally, in McConico v. State, 893 So.2d 577, 581 n. 5 (Ala.Crim.App. 2004), this court noted:
 "Often, DOC's decisions regarding an inmate's right to earn incentive good time or a reclassification of custody are not based on an inmate's conduct. Rather, such decisions are based on the particular crime of which the inmate was convicted. For example, § 14-9-41 prohibits inmates convicted of certain offenses from being eligible for correctional incentive time, regardless of the inmate's conduct while incarcerated. The same is true with regard to an inmate's custody classification. An inmate's custody classification may be determined by the crime of which he was convicted. For example, inmates are classified as `heinous offenders' based not on their conduct while in custody, but on the crime for which they were convicted. An inmate's classification may also relate, at least in part, to DOC's responsibility to keep the inmate safe from known `enemies.' Those enemies may be inmates housed within the same prison — thus, requiring a different custody classification. Thus, based on the Supreme Court's holding in Ex parte Boykins, this Court would have jurisdiction to review certiorari petitions challenging DOC actions involving an inmate's conduct, while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate's conduct."
(Emphasis added.)
In this case, the appellant filed an appeal from a circuit court's denial of a petition for a writ of certiorari that challenged a decision by an administrative agency — DOC. Furthermore, in his petition, he challenged a custody reclassification that was not based on conduct that occurred while he was in prison. Cf. McConico, supra. Based on the Alabama Supreme Court's decision in Ex parte Boykins, this court's decisions in Boykins and McConico, and § 12-3-10, Ala. Code 1975, we conclude that the Alabama Court of Civil Appeals has jurisdiction to hear this appeal. Accordingly, we transfer this appeal to that court.
APPEAL TRANSFERRED.
McMILLAN, P.J., and WISE, J., concur; SHAW, J., dissents, with opinion, which COBB, J., joins.
[1] We note that this case is distinguishable from Ex parteDeramus, 882 So.2d 875 (Ala. 2002), because, unlike Deramus, the appellant has not lost a liberty interest because the record does not indicate that he ever participated in a work release program.