I cannot agree that this appeal should be transferred to the Court of Civil Appeals; therefore, I respectfully dissent.
The majority does not hold that a common-law writ of certiorari is not a "postconviction writ" within the meaning of *Page 744 
§ 12-3-9, Ala. Code 1975.[2] In fact, the majority acknowledges that this Court has jurisdiction over an appeal from a circuit court's denial of a petition for a writ of certiorari challenging a custody reclassification decision by the Alabama Department of Corrections ("DOC") when that decision is based on an inmate's conduct that occurred in prison. See also Ex parteAlabama Bd. of Pardons Paroles, 849 So.2d 255 (Ala.Crim.App. 2002).[3] However, relying on the Alabama Supreme Court's recent decision in Ex parte Boykins, 862 So.2d 587 (Ala. 2002); this Court's opinion on remand in Boykins v. State,862 So.2d 594 (Ala.Crim.App. 2003) (Cobb and Shaw, JJ., concurring in the result); McConico v. Alabama Department of Corrections,893 So.2d 577 (Ala.Crim.App. 2004) (Cobb and Shaw, JJ., concurring in the result); and § 12-3-10, Ala. Code 1975, the majority holds that although this Court has jurisdiction to review a circuit court's ruling on a certiorari petition challenging the DOC's actions involving an inmate's conduct in prison, the Court of Civil Appeals has jurisdiction to review a circuit court's ruling on a certiorari petition challenging the DOC's reclassification of an inmate based on factors other than the inmate's conduct in prison.
The majority's rationale for making this fine distinction is not entirely clear to me; however, it appears that it is based on the majority's conclusion that this Court's jurisdiction depends on the applicability of the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq. ("the AAPA"). The following quote from McConico which, I believe, was written at least in part to explain the majority's opinion on remand in Boykins, seems to reflect the majority's position:
 "Here, just as in Boykins, McConico is appealing a circuit court's decision on a petition for a writ of certiorari challenging a decision of an administrative agency. However, unlike in Boykins,[4] McConico's certiorari petition challenged a custody reclassification based on conduct that occurred while he was an inmate. Thus, while this Court did not have jurisdiction to review an appeal from the denial of Boykins's certiorari petition, we do have jurisdiction to review *Page 745 
McConico's appeal because McConico's petition falls within the exception set out in § 41-22-3(9)g.1., Ala. Code 1975 (exempting from the definition of `rule' any actions relating to `[t]he conduct of inmates of public institutions and prisoners on parole').[5]
 [4] "DOC's denial of Boykins's request to earn incentive good time was based on the severity of the crime for which he was convicted — murder.
 [5] "Often, DOC's decisions regarding an inmate's right to earn incentive good time or a reclassification of custody are not based on an inmate's conduct. Rather, such decisions are based on the particular crime of which the inmate was convicted. For example, § 14-9-41 prohibits inmates convicted of certain offenses from being eligible for correctional incentive time, regardless of the inmate's conduct while incarcerated. The same is true with regard to an inmate's custody classification. An inmate's custody classification may be determined by the crime of which he was convicted. For example, inmates are classified as `heinous offenders' based not on their conduct while in custody, but on the crime for which they were convicted. An inmate's classification may also relate, at least in part, to DOC's responsibility to keep the inmate safe from known `enemies.' Those enemies may be inmates housed within the same prison — requiring a different custody classification. Thus, based on the Supreme Court's holding in Ex parte Boykins, this Court would have jurisdiction to review certiorari petitions challenging DOC actions involving an inmate's conduct, while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate's conduct."
893 So.2d at 580-81.
Thus, the majority concludes that the application of the AAPA and its statutory procedure for judicial review (which does not include review by this Court) is determinative of the jurisdiction question in cases like this one. Setting aside the fact that the AAPA does not contemplate the filing of a petition for a common-law writ of certiorari to challenge an administrative agency's decision,[4] I am concerned that there is a more fundamental problem with the majority's approach.
In Boykins, the record indicated that Boykins had been convicted of first-degree murder in March 1973 and sentenced to 60 years' imprisonment. In September 1974, while working on a "road camp," Boykins escaped. He remained a fugitive from 1974 until April 1995, when he was returned to the custody of the DOC. While on escape, Boykins pleaded guilty to another murder in Illinois. After his return to the custody of the DOC, Boykins requested eligibility to earn incentive good time ("IGT"). His requests were denied by the DOC "because of its determination that Boykins failed to meet the criteria for receipt of IGT."862 So.2d at 588. As noted above, in McConico, the majority stated that the "DOC's denial of Boykins's request to earn incentive good time was based on the severity of the crime for which he was convicted — murder." 893 So.2d at 580 n. 4. The majority held inMcConico that the DOC's decision to reclassify McConico fell outside of the scope of the AAPA and, therefore, that this Court had jurisdiction to review his appeal, "because McConico's petition [fell] within *Page 746 
the exception set out in § 41-22-3(9)g.1., Ala. Code 1975 (exempting from the definition of `rule' any actions relating to `[t]he conduct of inmates of public institutions and prisoners on parole')." 893 So.2d at 580-81. However, in distinguishingBoykins, the majority stated that "unlike in Boykins, McConico's certiorari petition challenged a custody reclassification based on conduct that occurred while he was an inmate." 893 So.2d at 580 (footnote omitted). In other words, while holding in McConico that the AAPA did not apply because, the majority concluded, the DOC's reclassification of McConico was based on conduct that occurred in prison, it stated that Boykins's appeal fell within the jurisdiction of the Court of Civil Appeals because the DOC's denial of his requests for IGT was based on his conduct that occurred out of prison. The problem, as I see it, is that even assuming that the majority correctly characterized the DOC's denial of Boykins's requests to earn IGT as being based solely on conduct that did not occur in prison (presumably, one of the acts of murder for which he was convicted),[5] the Alabama Supreme Court specifically held in Boykins that the AAPA did not apply because the DOC's decision to deny Boykins IGT fell within the statutory exception, i.e., § 41-22-3(9)g.1. Furthermore, it is not insignificant to me that the Supreme Court remanded Boykins to this Court for further proceedings.
It appears to me that the majority's approach is out of step with the Supreme Court's holding in Boykins, and that it is misreading Boykins as requiring the transfer of cases like this one to the Court of Civil Appeals.[6] In my opinion, review in a particular appellate court of the DOC's decision to reclassify an inmate should not logically turn on the time line of the inmate's conduct that forms the basis for that reclassification, i.e., whether it occurred before or after incarceration. In either case, the DOC is making an administrative decision that, under Boykins, appears to fall outside the scope of the AAPA, and is subject to judicial review by way of a petition for the common-law writ of certiorari. This Court is well suited to review such matters and has assumed jurisdiction over cases of this kind for years. I see no compelling reason in either law or logic to make this change in course now.
COBB, J., concurs.
[2] Section 12-3-9 provides that "[t]he Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
[3] In Ex parte Alabama Board of Pardons Paroles, this Court held:
 "Before we consider the merits of this petition, we must first determine if this Court is the appropriate court to review Judge Greenhaw's ruling. `[T]o activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction.' Ex parte Goodman, 43 Ala.App. 183, 184, 185 So.2d 146, 148 (1966). The Court of Civil Appeals has jurisdiction of all appeals from administrative agencies. See § 12-3-10, Ala. Code 1975. However, although the Board is an administrative agency, it is exempt from the Alabama Administrative Procedure Act. See § 41-22-3(3), Ala. Code 1975. Review of proceedings from the Board is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County. See Gholston v. Board of Pardons Paroles, 627 So.2d 945 (Ala.Civ.App. 1993). The Court of Criminal Appeals has jurisdiction of an appeal from the denial of a writ of a certiorari attacking the Board's denial or revocation of parole. We consider such writs to be `postconviction writs' that, according to § 12-3-9, are within the jurisdiction of the Court of Criminal Appeals. Ellard v. State, 474 So.2d 743
(Ala.Crim.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Because this Court has subject-matter jurisdiction of an appeal from the Board's denial of parole, this petition is correctly before this Court."
849 So.2d at 257.
[4] See, e.g., §§ 41-22-20 and 21; see also Ex parte Boykins,862 So.2d at 593-94. I assume that when it finds the AAPA to be applicable, the majority treats the common-law certiorari petition as the petition for review authorized by § 41-22-20.
[5] I note that in addition to committing murder, as referenced by the majority, Boykins also escaped from custody.
[6] Although the Supreme Court in Boykins did not specifically undertake to construe the language of § 41-22-3(9)g.1. — specifically that part referring to "[t]he conduct of inmates of public institutions" — its holding strongly suggests that it would not construe that language so restrictively as to exclude the conduct of inmates that occurred before incarceration. In any event, I can find nothing inBoykins to assuage my concern over the majority's holding in the present case.