907 So.2d 1096 (2005)
Gary Lee BECK
v.
ALABAMA BOARD OF PARDONS AND PAROLES and Alabama Department of Corrections.
CR-04-0023.
Court of Criminal Appeals of Alabama.
February 25, 2005.
*1097 Gary Lee Beck, appellant, pro se.
Charles Crook, gen. counsel, and Albert Sim Butler and Kim T. Thomas, asst. gen. counsel, Department of Corrections, for appellee.
WISE, Judge.
The appellant, Gary Lee Beck, appeals the circuit court's dismissal of his petition for a writ of certiorari.
On February 3, 2004, Beck filed a petition for a writ of certiorari against the Alabama Board of Pardons and Paroles ("the Board"), in which he sought to have information he contended was "false and erroneous" expunged from the Board's files. Beck alleged in his petition that the circuit court on October 3, 2002, ordered that this information be removed from his file but that the Board had not complied with the court's order.[1] On March 9, 2004, Beck filed a motion to amend his certiorari petition. The amendment appeared to add an additional respondent, by challenging his reclassification as a "heinous offender" by the Alabama Department of Corrections ("the DOC"). Beck also claimed that the DOC continued to classify him internally as a sex offender and that his reclassification as a heinous offender violated the ex post facto clause of the United States Constitution. No answer appears to have been filed by the Board; indeed, there is *1098 no evidence indicating that the Board was served with a copy of the petition. However, the DOC  which was served with a copy of the petition on March 17, 2004 (C. 1)  filed a motion to dismiss Beck's petition on the ground that it was moot. Attached as an exhibit to the DOC's motion to dismiss was the affidavit of Paul Whaley, director of classifications, refuting Beck's claim that he was being classified internally as a sex offender and setting forth the criteria for Beck's classification as a "restricted offender." On September 2, 2004, the circuit court entered the following order:
"The above-styled matter comes before the Court on Defendant's, Alabama Board of Pardons & Paroles, MOTION TO DISMISS AS MOOT. Upon consideration of the same, the Court finds that the MOTION is due to be and is hereby GRANTED."
(C. 94.)[2]
On October 1, 2004, Beck filed two notices of appeal  one purporting to be from the court's judgment in favor of the DOC (C. 85), and one purporting to be from the court's judgment in favor of the Board (C. 125).
Beck argues that the circuit court improperly dismissed his petition as moot. However, because Beck's appeal challenges the conduct of two state agencies  based on the rules and regulation of those agencies  we must first determine whether this Court has the jurisdiction to review Beck's claims.
In 1969, the Alabama Legislature created the Court of Criminal Appeals and the Court of Civil Appeals from the former Court of Appeals. See § 12-3-1, Ala.Code 1975. The appellate jurisdiction of each of the newly created courts was established by statute. The appellate jurisdiction of this Court is set out in § 12-3-9, Ala.Code 1975, which states:
"The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
Additionally, § 6.03(a) of Amendment No. 328, Ala. Const. of 1901, states that this Court shall "exercise" its appellate jurisdiction "under such terms and conditions as shall be provided by law and by rules of the supreme court."
When § 12-3-9 was enacted, the Alabama Rules of Criminal Procedure had not yet been adopted; they were adopted effective January 1, 1991.[3] Therefore, the only postconviction remedy available for a criminal defendant was by filing a petition for a writ of error coram nobis. See, e.g., Mayola v. State, 337 So.2d 105 (Ala.Crim. App.), cert. denied, 337 So.2d 107 (Ala. 1976) (recognizing the writ of error coram nobis as a means of securing postconviction review). Thus, our jurisdiction to review postconviction writs generally involves the review of Rule 32, Ala.R.Crim. P., petitions for postconviction relief, the successor to the petition for a writ of error coram nobis. The one exception to this general rule is this Court's review of certiorari petitions of inmates challenging the decision of the Board. However, as both this Court and the Court of Civil Appeals *1099 have recognized, the Board is a legislative, rather than an administrative, agency. See Ex parte Alabama Bd. of Pardons & Paroles, 849 So.2d 255 (Ala.Crim.App. 2002); Gholston v. Board of Pardons & Paroles, 627 So.2d 945 (Ala.Civ.App.1993). Thus, this Court ordinarily has the authority to review appeals involving decisions of the Board.
In the instant case, however, it appears that Beck's petition for a writ of certiorari was not served on the Board. The Alabama Rules of Civil Procedure apply to proceedings involving writs of certiorari, to the extent that the practice is not provided for by statute. See Rule 81(a)(19), Ala.R.Civ.P. Rule 4, Ala.R.Civ.P., sets forth the requirements concerning service of a complaint upon defendants and/or respondents. The failure of proper service under Rule 4, Ala.R.Civ.P., deprives a court of jurisdiction and renders any judgment entered against the party who was not properly served void. See Ex parte Pate, 673 So.2d 427 (Ala.1995). Because service was not perfected on the Board, the circuit court lacked jurisdiction to enter an order against that agency. Accordingly, any appeal by Beck concerning the Board's conduct is due to be dismissed. See Underwood v. State, 439 So.2d 125 (Ala.1983); Hamilton v. State, 828 So.2d 957 (Ala.Crim.App.2002); Carpenter v. State, 782 So.2d 848 (Ala.Crim.App.2000) (all standing for the proposition that a void judgment will not support an appeal).
We now turn to the question whether this Court has jurisdiction to review Beck's appeal of the circuit court's grant of the DOC's motion to dismiss. The Alabama Supreme Court's decision in Ex parte Boykins, 862 So.2d 587 (Ala. 2002), held that the DOC inmate classifications did not implicate a liberty interest; therefore, the proper method by which to obtain review of the DOC's decision on inmate classification was by writ of certiorari. As we discussed at length in Jacobs v. Alabama Department of Corrections, 900 So.2d 485 (Ala.Crim.App.2004); Collins v. Alabama Department of Corrections, [Ms. CR-03-0285, May 28, 2004] ___ So.2d ___ (Ala.Crim.App.2004); and McConico v. Alabama Department of Corrections, 893 So.2d 577 (Ala.Crim.App. 2004), the Supreme Court's decision in Ex parte Boykins, holding that judicial review of inmate classification matters was by petition for a writ of certiorari, also affected the appellate review of those certiorari petitions. As this Court noted, in McConico, 893 So.2d at 581 n. 5:
"Often, DOC's decisions regarding an inmate's right to earn incentive good time or a reclassification of custody are not based on an inmate's conduct. Rather, such decisions are based on the particular crime of which the inmate was convicted. For example, § 14-9-41[, Ala.Code 1975,] prohibits inmates convicted of certain offenses from being eligible for correctional incentive time, regardless of the inmate's conduct while incarcerated. The same is true with regard to an inmate's custody classification. An inmate's custody classification may be determined by the crime of which he was convicted. For example, inmates are classified as `heinous offenders' based not on their conduct while in custody, but on the crime for which they were convicted. An inmate's classification may also relate, at least in part, to DOC's responsibility to keep the inmate safe from known `enemies.' Those enemies may be inmates housed within the same prison  requiring a different custody classification. Thus, based on the Supreme Court's holding in Ex parte Boykins, this Court would have jurisdiction to review certiorari petitions challenging DOC actions involving an inmate's *1100 conduct, while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate's conduct."
(Emphasis in original.)
Here, the affidavit submitted by the DOC in support of its motion to dismiss established that Beck's classification as a "restricted offender" was based on the circumstances resulting in Beck's conviction for murder  conduct that occurred before his term of incarceration began. Because the DOC's classification of Beck as a "restricted offender" was based on conduct that occurred before he was an inmate, this Court does not have jurisdiction to review an appeal from the denial of Beck's certiorari petition. See Jacobs; Collins; McConico.
For the reasons set out above, Beck's appeal of the circuit court's judgment regarding his challenge to the conduct of the Board is dismissed. Based on the Alabama Supreme Court's decision in Ex parte Boykins, and this Court's subsequent decisions in McConico, Collins, and Jacobs, and § 12-3-10, Ala.Code 1975, we conclude that the Alabama Court of Civil Appeals has jurisdiction to hear Beck's appeal regarding Beck's appeal of the circuit court's judgment regarding the conduct of the DOC. Accordingly, we transfer that portion of Beck's appeal to the Alabama Court of Civil Appeals.
APPEAL DISMISSED IN PART AND TRANSFERRED IN PART.
McMILLAN, P.J., and BASCHAB, J., concur. SHAW, J., dissents, with opinion, which COBB, J., joins.
SHAW, Judge, dissenting.
Based upon my review of the record, which, I note, is unclear as to the procedural posture of this case, I would affirm the trial court's dismissal of Beck's claims against the Alabama Board of Pardons and Paroles and the Department of Corrections. See generally Crump v. Knight, 256 Ala. 601, 56 So.2d 625 (1952) (noting the well-settled law that every court has jurisdiction to determine whether it has jurisdiction of the parties); see also my special writing in Collins v. Alabama Department of Corrections, [Ms. CR-03-0285, May 28, 2004] ___ So.2d ___ (Ala.Crim.App.2004).
NOTES
[1] Attached to Beck's petition as an exhibit was a copy of the order of the Montgomery Circuit Court dated October 3, 2002, in Beck v. Alabama Board of Pardons & Paroles et al. (Case No. CV-2001-2605-PR). The order stated, in pertinent part:

"The Court, after taking testimony and hearing arguments, finds that Petitioner has not been charged, convicted or adjudicated guilty of a sex-related criminal offense and therefore is entitled to the relief he requests  to have the sex-oriented allegations/classifications removed from his official correctional record and be re-classified approximately [sic]." (C. 26.)
[2] Because the only motion to dismiss as moot was filed by DOC  rather than the Board  we view the circuit court's reference to the motion as being filed by the Board to be in the nature of a scrivener's error.
[3] Before the adoption of the Alabama Rules of Criminal Procedure, the Supreme Court had adopted Temporary Rules of Criminal Procedure. Rule 20 of those temporary rules, dealing with postconviction remedies, was adopted effective April 1, 1987.