On April 3, 2006, Matthew Gerthoffer, an inmate at the Ventress Correctional Facility, filed a petition for a writ of certiorari with the Montgomery Circuit Court ("the trial court") challenging the denial by the Alabama Department of Corrections ("the DOC") of his request to receive incentive good time ("IGT").[1] On July 6, 2006, the DOC answered and moved to dismiss Gerthoffer's complaint on the basis that he was not entitled to earn IGT based on his convictions for two class A felonies. The trial court subsequently entered an order on August 4, 2006, in which it granted the DOC's motion to dismiss. Gerthoffer filed a postjudgment motion that was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Gerthoffer timely appealed. *Page 356 
Gerthoffer argues on appeal that the trial court erred by denying his petition for a writ of certiorari without first conducting a hearing or considering evidence that the DOC allowed other similarly situated inmates to earn IGT pursuant to § 14-9-41, Ala. Code 1975. Before we can address Gerthoffer's argument, we must first determine whether this court has jurisdiction to hear this appeal.
In 1969, the Alabama Legislature created the Court of Civil Appeals and the Court of Criminal Appeals. See §12-3-1, Ala. Code 1975. The jurisdiction of the Court of Criminal Appeals is set out in § 12-3-9, Ala. Code 1975, which provides:
 "The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
Section 12-3-10, Ala. Code 1975, sets forth the appellate jurisdiction of the Court of Civil Appeals and, in pertinent part, provides:
 "The Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000, all appeals from administrative agencies other than the Alabama Public Service Commission, all appeals in workers' compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases and all extraordinary writs arising from appeals in said cases."
In addition, this court also has jurisdiction over certain cases deflected to it by the supreme court pursuant to §12-2-7, Ala. Code 1975.
A dispute has recently arisen between this court and the Court of Criminal appeals regarding jurisdiction of appeals such as Gerthoffer's. In Ex parte Boykins, 862 So.2d 587
(Ala. 2002), Boykins, an inmate at the Bullock County Correctional Facility, filed a petition for a writ of certiorari in which he asserted that the DOC had improperly denied his request to receive IGT. The circuit court treated his petition as a petition for a writ of habeas corpus and dismissed the petition. Boykins appealed to the Alabama Court of Criminal Appeals, and that court affirmed the judgment of the circuit court in an unpublished memorandum. Boykins v. State
(No. CR-01-0659, Feb. 22, 2002), 854 So.2d 1228
(Ala.Crim.App. 2002) (table). Boykins petitioned the Alabama Supreme Court for a writ of certiorari, and that court granted the petition
 "to address the question whether the Court of Criminal Appeals properly affirmed the trial court's order of dismissal where the basis of the dismissal was the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus."
Ex parte Boykins, 862 So.2d at 588. After a lengthy analysis, our supreme court held that because Boykins had no due-process liberty interest in the DOC's ruling on his request to qualify for IGT, the circuit court and the Court of Criminal Appeals had incorrectly treated Boykins's petition as one for a writ of habeas corpus. Following its holding on the issue presented in Boykins's petition, the court made the following observation:
 "Moreover, we note that the DOC, as stated in Ala. Code 1975, § 14-1-1.2, is an `administrative department responsible for administering and exercising direct and effective control over penal and corrections institutions throughout this state.' (Emphasis added.) Ala. Code 1975, § 41-22-3(1), defines `agency' as `[e]very board, bureau, commission, department, officer, or other administrative office or unit of the state.' (Emphasis *Page 357 
added.) Accordingly, the DOC is an administrative agency that is within the scope of the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq. (`the Act'). The appropriate remedy to review the actions of administrative agencies is an appeal made in accordance with § 41-22-20(a) of the Act. However, pursuant to § 41-22-3(9)(g)(1), as noted in Cox [v. State, 628 So.2d 1075
(Ala.Crim.App. 1993)], Boykins has no right to avail himself of such judicial review.
 "Thus, we conclude that Sellers v. State, 586 So.2d 994 (Ala.Crim.App. 1991), cited in Cox, supra, is more analogous to this case. In Sellers, the petitioner appealed the trial court's denial of his petition for a writ of habeas corpus, pursuant to which he sought review of the revocation of his parole by the Alabama Board of Pardons and Paroles (`the Board'). The Court of Criminal Appeals held that the actions of the Board could not be reviewed under the Act because Ala. Code 1975, § 41-22-3(3) exempts the Board from review. Thus, the court determined that the appropriate means for the petitioner to seek review of the Board's action was by petition for a writ of certiorari.
 "Here, Boykins, an inmate in a public institution, has sought review of the action of an administrative department, i.e., the DOC, regarding its denial of his request to receive IGT. Like the petitioner in Sellers, Boykins does not enjoy the statutory right of judicial review provided by § 41-22-20(a), a part of the Act, because he is excluded under § 41-22-3(9)(g)(1).
 "`Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of certiorari.' State Personnel Bd. v. State Dep't of Mental Health Retardation, 694 So.2d 1367, 1371
(Ala.Civ.App. 1997), citing Ellard v. State, 474 So.2d 743 (Ala.Crim.App. 1984), affirmed, 474 So.2d 758 (Ala. 1985). See also Alabama Dep't of Mental Health Mental Retardation v. Kirby, 579 So.2d 675 (Ala.Civ.App. 1991). `Certiorari will not issue, however, if a right of appeal is available.' State Personnel Board, 694 So.2d at 1371. `[W]here an applicable statute provides no right of appeal and no statutory certiorari review, the only means of review is the common law writ of certiorari.' Hardy v. Birmingham Bd. of Educ., 634 So.2d 574, 576 (Ala.Civ.App. 1994). Hence, Boykins's only means to seek review of the actions of the DOC is by a petition for a writ of certiorari. Consequently, the Court of Criminal Appeals erred in affirming the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus and its denial of that petition. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for the Court of Criminal Appeals to reverse the judgment of the trial court and remand the cause for the trial court to review Boykins's petition for a writ of certiorari reviewing the DOC's denial of his request to be allowed to earn IGT."
Ex parte Boykins, 862 So.2d at 593-94.
On remand from the supreme court, the Court of Criminal Appeals asserted that "should an appeal be taken from the Montgomery Circuit Court's judgment, the appeal should be filed with the Court of Civil Appeals, because Boykins's case would be an appeal from an administrative agency, see § 12-3-10, Ala. Code 1975, rather than an appeal from a postconviction writ in a criminal case." Boykins v. State, 862 So.2d 594,595 (Ala.Crim.App. 2003). *Page 358 
After our supreme court's decision in Ex parteBoykins, supra, the Court of Criminal Appeals releasedMcConico v. Alabama Department of Corrections,893 So.2d 577 (Ala.Crim.App. 2004), in which it affirmed the circuit court's dismissal of the inmate's petition for a writ of certiorari challenging the upgrade of his custody classification and his resulting transfer to another prison facility. In so holding, the Court of Criminal Appeals, reiving on Ex parteBoykins, made a distinction between the review of DOC decisions based on conduct that occurred while an inmate was in prison and the review of DOC decisions based on factors other than an inmate's conduct in prison, stating as follows:
 "Here, just as in Boykins, McConico is appealing a circuit court's decision on a petition for a writ of certiorari challenging a decision of an administrative agency. However, unlike in Boykins,[4] McConico's certiorari petition challenged a custody reclassification based on conduct that occurred while he was an inmate. Thus, while this Court did not have jurisdiction to review an appeal from the denial of Boykins's certiorari petition, we do have jurisdiction to review McConico's appeal because McConico's petition falls within the exception set out in § 41-22-3(9)g.1., Ala. Code 1975 (exempting from the definition of `rule' any actions relating to `[t]he conduct of inmates of public institutions and prisoners on parole').[5]
 "4 DOC's denial of Boykins's request to earn incentive good time was based on the severity of the crime for which he was convicted — murder.
 "5 Often, DOC's decisions regarding an inmate's right to earn incentive good time or a reclassification of custody are not based on an inmate's conduct. Rather, such decisions are based on the particular crime of which the inmate was convicted. For example, § 14-9-41 prohibits inmates convicted of certain offenses from being eligible for correctional incentive time, regardless of the inmate's conduct while incarcerated. The same is true with regard to an inmate's custody classification. An inmate's custody classification may be determined by the crime of which he was convicted. For example, inmates are classified as `heinous offenders' based not on their conduct while in custody, but on the crime for which they were convicted. An inmate's classification may also relate, at least in part, to DOC's responsibility to keep the inmate safe from known `enemies.' Those enemies may be inmates housed within the same prison — requiring a different custody classification. Thus, based on the Supreme Court's holding in Ex parte Boykins, this Court would have jurisdiction to review certiorari petitions challenging DOC actions involving an inmate's conduct, while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate's conduct."
893 So.2d at 580-81 (emphasis added).
In this case, Gerthoffer, like the inmate in Ex parteBoykins, supra, challenged the denial by the DOC of his request to receive IGT. In Ex parte Boykins, supra, our supreme court specifically held that Boykins did not enjoy the statutory right of judicial review provided by § 41-22-20(a) of the Alabama Administrative Procedure Act ("the AAPA") because § 41-22-3(9)g.1. of the AAPA excluded from the definition of "rules" to which the AAPA applied any rules or actions relating to the conduct of inmates of public institutions. Ex parteBoykins, 862 So.2d at 593. The Court of Criminal Appeals based its decision *Page 359 
to accept jurisdiction in McConico on its interpretation of the application of § 41-22-3(9)g.l. as only requiring it to review a circuit court's ruling on a certiorari petition challenging the DOC's actions involving an inmate's conduct in prison. McConico,893 So.2d at 580-81. Section 41-22-3(9)g.l. excludes from the definition of the term "rule" any rule or action relating to "[t]he conduct of inmates of public institutions and prisoners on parole." However, § 41-22-3(9)g.l. is the Code section cited by our supreme court in Ex parte Boykins to conclude that the AAPA did not apply to Boykins who, like Gerthoffer, challenged the denial of his request to receive IGT. In reaching its holdings in McConico and in Boykins on remand, the Court of Criminal Appeals appears to have resolved the conflict in jurisdiction by relying on a portion of Ex parteBoykins in which our supreme court discussed the DOC's status as an administrative agency within the scope of the AAPA. Notably, however, in its instructions on remand to the Court of Criminal Appeals in Ex parte Boykins, our supreme court made no mention of resolving on remand the purported jurisdictional problem between this court and the Court of Criminal Appeals.
We agree with and adopt the well-reasoned argument set forth by Judge Shaw in his dissent in Collins v. Alabama Departmentof Corrections, 911 So.2d 739 (Ala.Crim.App. 2004):
 "[R]eview in a particular appellate court of the DOC's decision to reclassify an inmate should not logically turn on the time line of the inmate's conduct that forms the basis for that reclassification, i.e., whether it occurred before or after incarceration. In either case, the DOC is making an administrative decision that, under Boykins, appears to fall outside the scope of the AAPA, and is subject to judicial review by way of a petition for the common-law writ of certiorari. [The Court of Criminal Appeals] is well suited to review such matters and has assumed jurisdiction over cases of this kind for years."
911 So.2d at 746 (Shaw, J., dissenting, joined by Cobb, J.).
Our supreme court did not hold in Ex parte Boykins, supra, that this court had jurisdiction pursuant to the AAPA to review appeals in cases in which an inmate files a petition for a writ of certiorari to challenge decisions made by the DOC based on factors other than the inmate's conduct. Instead, our supreme court specifically held in Ex parte Boykins
that the AAPA did not apply because the DOC's decision to deny IGT fell within the statutory exception found in § 41-22-3(9)g.1. Because review of the DOC's decision in this case falls outside the AAPA, see Ex parte Boykins, supra, we conclude that the Court of Criminal Appeals has jurisdiction to review the trial court's judgment and that this court lacks jurisdiction to consider the appeal. Therefore, we transfer the appeal to the Court of Criminal Appeals.
APPEAL TRANSFERRED.
All of the judges concur.
[1] Gerthoffer was convicted for trafficking in cannabis, a violation of § 13A-12-231(1)a., Ala. Code 1975, and trafficking in cocaine, a violation of § 13A-12-231(2)a., Ala. Code 1975; the trial court sentenced him to concurrent terms of 15 years' imprisonment on each conviction.