SEE, Justice.
Melvin Ross Bush’s appeal was originally filed with the Court of Civil Appeals. That court transferred the appeal to this Court on the basis that it lacked subject-matter jurisdiction over Bush’s appeal. In an opinion released on September 28, 2007, Collins v. Alabama Department of Corrections, 982 So.2d 1078 (Ala.2007), this Court overruled Block v. Alabama Department of Corrections, 923 So.2d 342 (Ala.Crim.App.2005); Beck v. Alabama Board of Pardons & Paroles, 907 So.2d 1096 (Ala.Crim.App.2005); Jacobs v. Alabama Department of Corrections, 900 So.2d 485 (Ala.Crim.App.2004); Collins v. Alabama Department of Corrections, 911 So.2d 739, 743 (Ala.Crim.App.2004); McConico v. Alabama Department of Corrections, 893 So.2d 577 (Ala.Crim.App.2004); and Boykins v. State, 862 So.2d 594 (Ala.Crim.App.2003), to the extent that these cases hold that the Court of Criminal Appeals “ ‘would have jurisdiction to review certio-rari petitions challenging [Alabama Department of Correction] actions involving an inmate’s conduct [while incarcerated], while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate’s conduct [while incarcerated].’ ” Collins, 982 So.2d at 1081 (quoting McConico, 893 So.2d at 581 n. 5). We also held in Collins that the Court of Criminal Appeals has jurisdiction to review all certiorari petitions challenging actions by the Department of Corrections, “regardless of when the relevant conduct of the inmate occurred.” 982 So.2d at 1081. Based on our decision in Collins, we transfer Bush’s appeal to the Court of Criminal Appeals.
APPEAL TRANSFERRED.
WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., recuse themselves.