WOODALL, Justice.
 

 Janet King, a certified registered-nurse practitioner, was indicted for two alleged violations of § 26-23A-7, Ala.Code 1975, which is part of “The Woman’s Right to Know Act.” The State filed a motion in limine, requesting an order barring King from introducing at trial any evidence relating to her “collaborative practice” with a medical doctor. See §§ 34-21-80 to -93, Ala. Code 1975. The State argued that such evidence was not relevant and that it would confuse the jury. After hearing arguments, the trial court denied the State’s motion in limine.
 

 The State filed a petition for a writ of mandamus, asking the Court of Criminal Appeals to direct the trial court to vacate its order denying the State’s motion in limine and to enter an order granting it. The Court of Criminal Appeals granted the State’s petition, ordering the trial court to grant the State’s motion and to exclude evidence regarding King’s collaborative practice with a medical doctor.
 
 State v. King,
 
 23 So.3d 72 (Ala.Crim.App.2008). King, now petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order. See Rule 21(c)(1), Ala. R.App. P. We grant King’s petition and issue the writ.
 

 The threshold issue in this case is whether the State is entitled to seek mandamus review of the pretrial denial of its motion in limine in a criminal case. According to King, the order of the Court of Criminal Appeals is without precedent in “any other court at any other time in the history of our Republic.” King’s petition, at 5. As the State concedes, “there seem to be no published opinions addressing [this] specific scenario.” State’s brief, at 14. Although there may be no prior decisions directly on point, it is clear to this Court that the State is not entitled to seek mandamus review of a pretrial denial of its motion in limine in a criminal case.
 

 “In Alabama, the State has a limited right to appeal” in a criminal case.
 
 *79
 

 State v. A.R.C.,
 
 873 So.2d 261, 266 (Ala.Crim.App.2003).
 

 “The State’s power to appeal from an adverse ruling in a criminal case is governed by § 12-12-70(c), Ala.Code 1975 (providing that an appeal may be taken from a judgment declaring an ordinance or statute invalid); § 12-22-91, Ala. Code 1975 (providing that an appeal may be taken from a judgment holding an indictment or information unconstitutional); and by Rule 15.7, Ala. R.Crim. P. (providing that appeals may be taken from certain pre-trial orders).”
 

 Ex parte Sullivan,
 
 779 So.2d 1157, 1160 n. 2 (Ala.2000). The parties agree that the order denying the State’s motion in limine was not appealable.
 

 “The Court of Criminal Appeals has authority to issue such remedial and original writs as are necessary to give it a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction.”
 
 Ex parte Nice,
 
 407 So.2d 874, 876 (Ala.1981). However, “[m]andamus cannot be used as a substitute for appeal, when no appeal is authorized by law or court rule .... ”
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Instead, mandamus “is appropriate in exceptional circumstances which amount to judicial usurpation of power.”
 
 Nice,
 
 407 So.2d at 878 (emphasis omitted). Moreover, “mandamus can be used to prevent a gross disruption in the administration of criminal justice.”
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Thus, when the trial court has acted without lawful authority, the State has been afforded mandamus relief. See, e.g.,
 
 State v. Blane,
 
 985 So.2d 384 (Ala.2007) (directing circuit court to vacate order expunging criminal record);
 
 D.B.Y. v. State,
 
 910 So.2d 820 (Ala.Crim.App.2005) (directing trial court to reinstate juvenile’s probation and direct that juvenile undergo sexual-offender risk assessment before being released from probation).
 

 King argues that the Court of Criminal Appeals, by granting the State’s petition for a writ of mandamus, “has granted to the State ... the ability to file what amounts to an interlocutory appeal under the guise of mandamus relief.” King’s petition, at 4. On the other hand, the State argues that it was entitled to the writ of mandamus, because, according to the State, the trial court’s denial of its motion in limine “presents a gross disruption in the administration of criminal justice that justified the appellate court’s exercise of its supervisory authority.” State’s brief, at 15. We agree with King.
 

 It is beyond cavil that the trial court acts within its lawful authority in deciding issues concerning the admissibility of evidence. Indeed, “[w]e review issues concerning the admission of evidence [only] to determine whether the trial court exceeded its discretion.”
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala.2003). Obviously, “simply because an order may have been erroneous does not mean that an inferior court lacked the power to enter it.”
 
 Nice,
 
 407 So.2d at 878. Consequently, “circumstances involving alleged errors of judgment, or errors in the exercise of judicial discretion, [do] not constitute grounds for invoking supervisory mandamus.”
 
 Nice,
 
 407 So.2d at 882.
 

 According to the State, if the trial court allows the jury to consider the evidence at issue, there will be “a gross disruption in the administration of criminal justice.” State’s brief, at 15. Although the trial court denied the State’s motion in limine, “ ‘ “the material against which the objection has been made has not yet been heard by the jury and may never be heard by them.” ’ ”
 
 Parks v. State,
 
 587 So.2d 1012, 1015 (Ala.1991) (quoting
 
 White v. State,
 
 527 So.2d 1349, 1350 (Ala.Crim.App.1988), quoting in turn
 
 Brooks v. State,
 
 443 So.2d
 
 *80
 
 1301, 1303 (Ala.Crim.App.1983)). If the trial court allows the jury to consider the evidence the State seeks to keep out, it will be acting within its lawful authority, and the State will have no right of appellate review. Such an outcome would reflect the ordinary and proper administration of criminal justice, not a disruption thereof.
 

 For the foregoing reasons, we grant King’s petition and issue a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting the State’s petition for a writ of mandamus.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and SEE, LYONS, STUART, and PARKER, JJ., concur.
 

 BOLIN, J., recuses himself.