WINDOM, Presiding Judge,
dissenting.
Joseph W. Hutchinson Ill’s challenge to the circuit court’s decision to approve only a part of his attorney-fee declaration for his representation of an indigent, criminal defendant is not an appeal from a “misdemeanor[ ], ... habeas corpus[, a] felon[y], [or a] post conviction writ[ ] in [a] criminal case[ ].” § 12-3-9, Ala.Code 1975. Thus, I do not believe that the legislature has granted this Court the authority to hear the cause on direct appeal. See Baker v. State, 877 So.2d 639, 641 (Ala.Crim.App.2003) (recognizing that § 12-3-9, Ala.Code 1975, establishes the jurisdiction of this Court to hear a direct appeal). However, as Justice Johnstone explained in his special writing in Ex parte Smith, 794 So.2d 1089, 1093 (Ala.2001), this Court does have jurisdiction to entertain a petition for a writ of mandamus relating to the circuit court’s action on an attorney-fee declaration. As Justice Johnstone aptly stated:
“This jurisdiction was conferred by Amendment 328, § 6.03, Alabama Constitution of 1901, [now § 141, Ala. Const. 1901 (Off. Recomp.) ], which provides, in pertinent part, that the Court of Criminal Appeals has original jurisdiction ‘in the issuance and determination of writs of ... mandamus in relation to matters in which said court has appellate jurisdiction.’ This capital murder case was a ‘matter[ ] in which said court has appellate jurisdiction,’ and the dispute over this circuit court production order at issue was ‘in relation to’ that very matter.”
Ex parte Smith, 794 So.2d at 1093. Stated differently, Hutchinson’s challenge to the circuit court’s reduction of the amount of money he should be paid for his representation of an indigent, criminal defendant relates to the felony prosecution of his client, but is not an appeal of a “misdemeanor ... [or] felonfy]” conviction or sentence. § 12-3-9, Ala.Code 1975. Accordingly, Hutchinson should have filed a petition for a writ of mandamus seeking an order from this Court directing the circuit court to approve his attorney-fee declaration in full.
The Alabama Supreme Court’s holding transferring this cause to this Court supports my belief that Hutchinson should *769 have petitioned this Court for a writ of mandamus. In transferring this cause, the Alabama Supreme Court made it clear that “[ajwarding attorney fees ‘in relation to’ a criminal case is a matter for the Court of Criminal Appeals.” Hutchinson v. State, 66 So.3d 220, 281 (Ala.2010) (quoting Art. VI, § 141, Ala. Const. 1901 (Off. Recomp.) (previously Amendment No. 328, § 6.03, Ala. Const.1901) (the provision of the Alabama Constitution granting this Court the authority to issue writs of mandamus)). By stating that the circuit court’s approval of attorney fees is “in relation to” a criminal case and quoting the constitutional provision granting this Court the authority to issue writs of mandamus, the Alabama Supreme Court implicitly recognized that this type of action should be heard by way of a petition for writ of mandamus as opposed to an appeal.[5] Id. Cf. Ex parte Kandola, 77 So.3d 1209, 1211 (Ala.Crim.App.2011) (“Generally, a petition for a writ of mandamus may not be used as a substitute for an appeal.”) (citations omitted); Ex parte Donaldson, 80 So.3d 895, 897 (Ala.2011) (reiterating that a writ of mandamus is a drastic and extraordinary writ that will be issued only when there is, among other things, a lack of another adequate remedy).
Hutchinson, however, did not petition this Court for a writ of mandamus. Instead, he sought relief by way of an appeal. Accordingly, I believe that this Court should either deny relief because he utilized the wrong procedure or treat his brief as a mandamus petition. In either event, I do not believe that Hutchinson is entitled to relief.
If this Court were to treat Hutchinson’s brief as a petition for writ of mandamus, he is not entitled to any relief. In Ex parte Stewart, 74 So.3d 944, 947 (Ala.2011), the Alabama Supreme Court reiterated:
“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
(Citations and quotations omitted.) Here, Hutchinson has not satisfied each of the requirements for the issuance of a writ of mandamus. Specifically, he has not shown that he has a clear legal right, that the circuit court had an imperative duty to act, or that he has properly invoked the jurisdiction of this Court.
As discussed above, Hutchinson has not invoked this Court’s authority to issue a writ of mandamus. Instead, he sought relief through an appeal. Further, he has not established a clear legal right to full approval of, or an imperative duty upon the circuit court to approve fully, his attorney-fee declaration. When Hutchinson represented his client in this case, § 15-12-21(e), Ala.Code 1975, required Hutchinson to submit an attorney-fee declaration for his representation of the indigent defendant within a reasonable time. Hutchinson, however, waited almost six years to submit his attorney-fee declaration in which he sought over $100,000. As a result of Hutchinson’s unreasonable delay in submitting his attorney-fee declaration, the judge who presided over the proeeed- *770 ings for which he sought payment was unavailable to review his fee request. Because Hutchinson failed to submit his attorney-fee declaration within a reasonable time as required under § 15-12-21(e), Ala. Code 1975, I do not believe that he can establish a clear legal right to the relief sought or an imperative duty upon the circuit court to act.
More importantly, Hutchinson has not shown that the circuit court lacked the authority to approve only a portion of his attorney-fee declaration. As the majority correctly states, “[t]he determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and its determination on such an issue will not be disturbed on appeal unless in awarding the fee the trial court exceeded that discretion.” Ill So.3d at 759 (citations and quotations omitted). Thus, the circuit court has the authority to approve only the portion of an attorney-fee declaration that the court finds to be reasonable. In Ex parte King, 23 So.3d 77 (Ala.2009), the Alabama Supreme Court held that “ ‘[m]andamus is appropriate [only] in exceptional circumstances which amount to judicial usurpation of power [and] can be used to prevent a gross disruption in the administration of criminal justice.’ ” 23 So.3d at 79 (quoting Ex parte Nice, 407 So.2d 874, 878-79 (Ala.1981)). The Court in King went on to explain that a petition for a writ of mandamus will not provide an avenue for relief when the action of the circuit court was within that court’s authority and did not amount to a gross disruption in the administration of criminal justice. King, 23 So.3d at 79. Thus, “ ‘circumstances involving alleged errors of judgment, or errors in the exercise of judicial discretion, [do] not constitute grounds for invoking supervisory mandamus.’ ” Id. (quoting Nice, 407 So.2d at 882).
Here, Hutchinson merely raises an alleged error in the circuit court’s exercise of its discretion in approving his attorney-fee declaration; therefore, his allegation of error “ ‘[does] not constitute [a] ground[ ] for invoking supervisory mandamus.’ ” King, 23 So.3d at 79 (quoting Nice, 407 So.2d at 882). Therefore, I do not believe that Hutchinson is entitled to any relief.
For the foregoing reasons, I disagree with the majority’s decision to reverse the circuit court’s judgment approving only a part of Hutchinson’s attorney-fee declaration. Therefore, I respectfully dissent.

. Although in Hutchinson v. State, 66 So.3d 220, 230 (Ala.2010), the Alabama Supreme Court quoted two footnotes from Justice Murdock's special writing in State v. Isbell, 985 So.2d 446 (Ala.2007), in which he questioned whether a challenge to the circuit court’s action on an attomey-fee declaration may be raised on direct appeal, the Supreme Court transferred this cause to this Court pursuant to this Court’s authority to issue writs of mandamus. Hutchinson I, 66 So.3d at 231.