Rel: December 15, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

### CR-2022-1082

_____

**Town of Brookside**

**v.**

**Alazae Alexius Hester-Taylor**

**Appeal from Jefferson Circuit Court**
**(CC-22-1597, CC-22-1598, CC-22-1599, and CC-22-1600)**

MINOR, Judge.

The Town of Brookside ("the Town") charged Alazae Alexius Hester-Taylor with following too closely, see § 32-5A-89, Ala. Code 1975, second-degree possession of marijuana, see § 13A-12-214, Ala. Code 1975, possession of drug paraphernalia, see § 13A-12-260, Ala. Code 1975, and

possessing a firearm while being a person forbidden to possess a firearm, see § 13A-11-72, Ala. Code 1975. Hester-Taylor's charges arose from a traffic stop by the Town's police department on December 27, 2021. The municipal court found Hester-Taylor guilty, and he appealed to the Jefferson Circuit Court for a trial de novo.

On August 19, 2022, the Town moved for Judge Shanta C. Owens to recuse herself or, in the alternative, for all pending and future appeals involving the Town to be assigned to a different judge. The Town cited other appeals involving the Town in which Judge Owens had ruled that "all cases where the sole witness to the offense is a Brookside Police Officer will be met with heavy scrutiny." (C. 94.) Five days later, the circuit court denied the Town's motion. (C. 31.)

On August 29, 2022, Hester-Taylor moved the circuit court to dismiss the charges against him. He asserted that the complaints against him were "not properly sworn," in violation of Ex parte Dison, 469 So. 2d 662 (Ala. 1984). He also asserted that "the only witnesses to said stop and the alleged illegal actions of [Hester-Taylor] were, to the best of [his] knowledge, [Town of] Brookside police officers." (C. 98.) The Town objected to Hester-Taylor's motion, arguing, among other things, that the

2

complaints were properly sworn because the officer who had issued the complaints had sufficiently identified himself by using his badge number in the "Officer ID" box in the complaints. (C. 101.)

The circuit court held a hearing on the motion to dismiss. The circuit court heard arguments from the attorneys but received no evidence. The circuit court did not consider the merits of the motion to dismiss but still granted it:

> "In keeping in line with all of the other previous rulings of this court, which state that if the only witness to an offense is a Brookside police officer having been employed under the leadership of Chief Mike Jones at the time, this Court will dismiss that case because credibility is always at issue in these cases and the stakes are higher in a criminal court. And based upon the reputation and the issues facing the Brookside Police Department, this Court will exercise equity and fairness and will dismiss these cases since the only officer— only witness present was this officer."

(R. 11-12.) The circuit court entered separate judgments on September 1, 2022, dismissing the complaints against Hester-Taylor. (C. 32, 47, 63.) The Town timely appealed. (C. 64.)

The Town argues on appeal that the circuit court exceeded its authority in granting Hester-Taylor's motion to dismiss.[1] Relying on

---

[1]Hester-Taylor did not file an appellee's brief in this appeal.

3

Rule 13.5(c)(1), Ala. R. Crim. P., the Town asserts that the circuit court could dismiss the complaints against Hester-Taylor only upon "objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense." Citing this Court's decision in Town of Brookside v. Rowser, [Ms. CR-2022-0505, Nov. 3, 2023] ___ So. 3d ___ (Ala. Crim. App. 2023), the Town asserts that the circuit court's dismissal of the complaints was improper because the circuit court made a pretrial determination regarding the credibility of the witnesses and the sufficiency of the Town's evidence. The Town is correct.

In Rowser, which involved a consolidation of appeals by the Town in related cases, the circuit court had dismissed the charges pending against the defendants with orders identical in reasoning to the order here. This Court held:

> "Rule 13.5(c)(1), Ala. R. Crim. P., provides: 'A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense.' In State v. Starks, 366 So. 3d 994, 995 (Ala. Crim. App. 2022), this Court examined Rule 13.5(c)(1) and stated: '[T]here is no pretrial means to dismiss the charges against a defendant based on the insufficiency of the evidence.' In footnote 2 of Starks, this Court acknowledged Ankrom v. State, 152 So. 3d 373 (Ala.

4

Crim. App. 2011), in which this Court recognized that a trial court could address pretrial the limited question 'whether the defendant's conduct could ever constitute a violation of the charged statutes.' Starks, 366 So. 3d at 995 n.2. But unlike Ankrom, which involved a pretrial ruling on a '"pure question of law,"' the pretrial ruling in Starks was 'based purely on a credibility determination' and thus was improper. Id. This Court in Starks reiterated that a circuit court lacks authority under Rule 13.5(c)(1) to dismiss the charges against a defendant pretrial based on an alleged insufficiency of the evidence or 'based purely on a credibility determination.' 366 So. 3d at 995 n.2.

"The circuit court here dismissed the charges pretrial 'based purely on a credibility determination.' What's more, in all but Rowser's and Martin's cases, the circuit court dismissed the charges without a motion from the defendants. The prosecution objected to the dismissals, arguing that they were improper and that they were based on 'media and public clamor.' Under Starks and the authorities cited there, see, e.g., State v. Foster, 935 So. 2d 1216 (Ala. Crim. App. 2005), State v. McClain, 911 So. 2d 54 (Ala. Crim. App. 2005), State v. Edwards, 590 So. 2d 379 (Ala. Crim. App. 1991), the circuit court erred in dismissing the charges against the defendants based on a pretrial determination of credibility, and we must reverse its judgments."

Rowser, ___ So. 3d at ____ (footnote omitted).[2]

---

[2]In footnote 10 in Rowser, this Court rejected appellee Martin's request that we "affirm the circuit court's judgment dismissing her cases based on the assertions in her motion to dismiss that the complaints were not properly verified." As noted, Hester-Taylor moved to dismiss the complaints against him on a similar ground. As in Rowser, however,

"the Town disputed [Hester-Taylor's] assertions, arguing that the complaints in fact complied with the law. And the record

As it did in <u>Rowser</u>, the circuit court erred in dismissing the complaints against Hester-Taylor based solely on a pretrial credibility determination. Thus, the circuit court's judgments are due to be reversed.

The Town also challenges Judge Owens's August 24, 2022, order denying its motion seeking her recusal or disqualification. The Town asserts that Judge Owens has shown bias and a lack of impartiality and that Judge Owens is thus disqualified from hearing Hester-Taylor's cases and similar cases involving the Town.

Rule 15.7(a), Ala. R. Crim. P.,[3] authorizes the Town's appeal of Judge Owens's pretrial orders dismissing the complaints against Hester-

---

does not show that the circuit court considered the merits of [Hester-Taylor's] motion or the Town's response. In the current procedural posture, this Court cannot determine whether [Hester-Taylor's] or the Town's position is correct."

___ So. 3d at ___ n.10.

[3]Rule 15.7(a), Ala. R. Crim. P., provides:

"In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal

Taylor. <u>See</u> <u>Rowser</u>, ___ So. 3d at ___ ("This rule authorizes the State to appeal a pretrial order of the circuit court 'dismissing an indictment, information, or complaint' and authorizes a municipality to do the same 'in like manner.'"). The Town's right to appeal under Rule 15.7(a), however, is limited. <u>See, e.g.</u>, <u>Ex parte King</u>, 23 So. 3d 77, 78-79 (Ala. 2009) ("'In Alabama, the State has a limited right to appeal' in a criminal case. <u>State v. A.R.C.</u>, 873 So. 2d 261, 266 (Ala. Crim. App. 2003)."). In <u>Ex parte King</u>, the Alabama Supreme Court, noting that the State had no right to appeal from an order denying a motion in limine in that case, stated:

> "'The State's power to appeal from an adverse ruling in a criminal case is governed by § 12-12-70(c), Ala. Code 1975 (providing that an appeal may be taken from a judgment declaring an ordinance or statute invalid); § 12-22-91, Ala. Code 1975 (providing that an appeal may be taken from a judgment holding an indictment or information unconstitutional); and by Rule 15.7, Ala. R. Crim. P. (providing that appeals may be taken from certain pre-trial orders).'"

---

Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge. A municipality may appeal any pre-trial order entered by the circuit court on trial de novo of any municipal ordinance violation, in like manner."

23 So. 3d at 79 (quoting Ex parte Sullivan, 779 So. 2d 1157, 1160 n.2 (Ala. 2000)). Rule 15.7(a) does not authorize an appeal from an order denying a motion to recuse, and the Town cites nothing authorizing its appeal of that ruling.[4] Thus, the Town's appeal from Judge Owens's order denying the Town's motion seeking her recusal is not properly before us.

## CONCLUSION

The circuit court erred in granting Hester-Taylor's motion to dismiss the complaints pending against him. Thus, this Court reverses

---

[4]Rather than appeal, the Town could have sought mandamus review of Judge Owens's order denying the motion to recuse. See, e.g., Ex parte Smith, 282 So. 3d 831, 839 (Ala. 2019) ("'"A mandamus petition is a proper method by which to seek review of a trial court's denial of a motion to recuse."'" (citations omitted)). Although this Court has discretion to treat a notice of appeal as a petition for a writ of mandamus, see, e.g., Ex parte Butler, 295 So. 3d 1115, 1117 (Ala. Crim. App. 2019), we decline to do so here. First, the Town has not asked us to do so. Second, even if we treated the notice of appeal as a petition for a writ of mandamus, it would be untimely because the Town filed the notice of appeal more than seven days after the date of Judge Owens's order denying the Town's motion seeking her recusal. See, e.g., State v. L.D.B., 223 So. 3d 260, 260 (Ala. Crim. App. 2016) (order) ("A petition for a writ of mandamus must be filed within a reasonable time, and the presumptively reasonable time is defined as the time for taking an appeal. See Rule 21(a)(3), Ala. R. App. P. … [T]he State is seeking review of a pretrial order, rather than a posttrial order. Accordingly, the presumptively reasonable time for the State to file its petition is seven days from the date of [the challenged] order ….").

the circuit court's judgments dismissing the complaints and instructs the circuit court to restore Hester-Taylor's cases to its active docket.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.